IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL MILLER and
W.C. COLE, on behalf of themselves
and all others similarly situated,

Plaintiffs,

v.

HYPOGUARD USA, INC.,
MEDISYS USA, INC., LIBERTY
MEDICAL SUPPLY, INC., and FOX
MED-EQUIP SERVICES, INC.,

Defendants.                                              No. 05-CV-0186-DRH

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

### I. Introduction and Procedural Background

Pending before the Court is Plaintiffs' motion to remand (Doc. 11). Defendants oppose the motion (Doc. 23). Based on the pleadings, the applicable law and the reasons set forth below, the Court finds it clear that removal is proper, that the Court has federal question jurisdiction over Count IV of the First Amended Complaint, the Magnuson-Moss Act, **15 U.S.C. §§ 2301-12**, and denies the motion to remand.

On January 31, 2005, Plaintiffs Michael Miller and W.C. Cole filed a

seven-count Class Action Complaint for damages in the Circuit Court of Madison County, Illinois against Hypoguard USA, Inc. ("Hypoguard"), Medisys USA, Inc. ("Medisys"), Liberty Medical Supply, Inc. ("Liberty"), Fox Medical Equipment of Arizona, Inc. ("Fox Medical") and Francis M. Martin, d/b/a Fox Medical ("Martin") seeking actual and compensatory damages arising out of the manufacturing, marketing and sale of the Hypoguard "Advance Blood Glucose Monitor, and the "Assure" I, II or III or Quick Tek blood glucose monitors.  Plaintiffs assert mostly state law causes of action against Defendants: Count I - breach of implied warranty; Count II - breach of express warranty; Count III - breach of covenant of good faith and fair dealing; Count IV - unjust enrichment; Count V - breach of implied warranty under the Magnuson-Moss Act[1]; Count VI - Illinois Consumer Fraud and Deceptive Practices Act Claim/Minnesota Deceptive Trade Practices Act; and Count VI - common law fraud (Doc. 2).  Plaintiffs contend that the blood glucose monitors and/or strips were defectively designed and/or manufactured resulting in inaccurately high or low readings.  Plaintiffs also allege that Defendants made material misrepresentations and concealed material facts in connection with the marketing, sale and warranty of the Hypoguard blood glucose monitors. In particular, Plaintiffs seek compensation for "the financial and other costs incurred by them as a result of the blood glucose monitors."  (Doc. 2, ¶ 10).  On March 14, 2005, Defendants

---

[1]This is a federal claim which has a minimum jurisdictional amount of $50,000.  **See 15 U.S.C. § 2310(d)(3)(B);** *see also Gardynski-Leschuck v. Ford Motor Co.*, **142 F.3d 955 (7th Cir. 1998)**.

Hypoguard and Medisys removed the case to this Court pursuant to diversity jurisdiction, **28 U.S.C. § § 1332, 1441, and 1446** (Doc. 1).[2]

On April 13, 2005, Plaintiffs filed a motion to remand (Doc. 11). The next day, Defendants Martin and Fox Medical filed motions to dismiss (Docs. 13 & 15). On April 18, 2005, Defendants Hypoguard and Medisys filed a joint motion to dismiss (Doc. 17). Thereafter, Hypoguard and Medisys responded to the motion to remand (Doc. 23).

On May 27, 2005, Plaintiffs filed a First Amended Complaint (Doc. 39). The First Amended Complaint added a new Defendant Fox Med-Equip Services, Inc. ("Fox Med-Equip") and deleted Fox Medical and Martin as Defendants. The First Amended Complaint, as their original complaint, alleges mainly state law causes of action: Count I - breach of implied warranty; Count 2 - breach of express warranty; Count III - breach of contract; Count IV - breach of implied warranty under the Magnuson-Moss Act; Count V - Illinois Consumer Fraud and Deceptive Practices Act/Minnesota Deceptive Trade Practices Act; Count VI - common law fraud. On May 27, 2005, the Court entered an order denying as moot the pending motions to dismiss (Doc. 40).

After Plaintiffs filed their First Amended Complaint, Defendants Hypoguard and Medisys filed a motion opposing joinder of a non-diverse defendant,

---

[2]The Class Action Fairness Act ("CAFA") does not apply to this case because Plaintiffs filed their suit on January 31, 2005, before the effective date of CAFA. *See Knudsen v. Liberty Mutual Insurance Co.*, **411 F.3d 805 (7th Cir. 2005)**.

to strike plaintiffs' first amended complaint and to reconsider the Court's May 25, 2005 Order (Doc. 45). On May 31, 2005, Liberty Mutual filed its consent to removal (Doc. 46). Shortly thereafter, Liberty Mutual joined in the other Defendants' responses to the remand motion and the motion opposing joinder (Docs. 47 & 48). Plaintiffs filed their opposition to the motion opposing joinder on June 14, 2005 (Doc. 50) and Defendants filed their reply to the same on June 24, 2005 (Doc. 54). On June 16, 2005, Hypoguard moved to dismiss the First Amended Complaint (Doc. 51) to which Liberty Mutual joined on July 8, 2005 (Doc. 59). Plaintiffs filed their opposition (Doc. 61) and Defendants filed their replies (Docs. 62 & 63).

Now before the Court is Plaintiffs' motion to remand (Doc. 11). In its motion to remand, Plaintiffs argue that remand is proper because the removal was untimely; that the Court lacks subject matter jurisdiction; and the removal is procedurally defective because Liberty Mutual did not consent to removal. Defendants oppose the motion to remand. The Court will address each argument in turn.[3]

## II. Analysis

First, Plaintiffs argue that removal is untimely, thus, the Court should remand the case pursuant to 28 U.S.C. § 1446(b). Specifically, Plaintiffs argue that since Defendant Medisys was served with the summons and complaint on February

---

[3]The Court notes that Plaintiff raised the issue of procedurally defective removal only in its motion and not in its brief. (See Docs. 11 & 12). Because Plaintiffs did not develop this argument, the Court need not address it. **See United States v. Morgan, 384 F.3d 439, 442 FN#1 (7th Cir. 2004); See also McCann v. Mangialardi, 337 F.3d 782, 786 (7th Cir. 2003)**.

10, 2005, the case should have been removed by March 12, 2005.  The Court does not agree.

> **28 U.S.C. 1446(b)** states:
>
> The notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

By the Court's calculations the thirty day deadline was March 12, 2005, a Saturday. Pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 6(a)**, Defendant Medisys had until Monday, March 14, 2005 to file its notice of removal, which it did.[4]  Thus, the Court finds that the removal was timely and denies Plaintiffs' motion based on this argument.

Next, Plaintiffs argue that subject matter jurisdiction does not exist because neither the amount in controversy is sufficient nor are the parties diverse.

As to the jurisdictional amount, the Court finds that it has been met. The removal statute, **28 U.S.C. § 1441**, is construed narrowly, and doubts concerning removal are resolved in favor of remand.  ***Doe v. Allied-Signal, Inc.,***

---

[4]**Federal Rule of Civil Procedure 6(a)** provides in part: "In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, . . . in which the event the periods runs until the end of the next day which is not one of the aforementioned days."

**985 F.2d 908, 911 (7th Cir. 1993)**. To remove an action based on federal diversity jurisdiction, a defendant must establish the elements by competent proof showing a reasonable probability that such jurisdiction exists. ***Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)**.

Defendants argue that the jurisdictional amount is satisfied because unnamed Plaintiffs (commercial and medical professionals) have claims that surpass the $75,000 amount. Defendants contend that where there are some potential claims that exceed $75,000, the district court has original jurisdiction over those claims and may take supplemental jurisdiction over the balance. Just this month, the Seventh Circuit issued an opinion demonstrating the Defendants' position is correct. In ***Pfizer, Inc. v. Lott*, – F.3d –, 2005 WL 1840046 (7th Cir. August 4, 2005)**, while addressing the propriety of a removal of a class action, the Seventh Circuit stated:

> There was no federal claim, and so the only possible basis of federal jurisdiction was diversity of citizenship. The named plaintiffs stipulated that they would not seek or even accept damages in excess of $75,000, and while the stipulation would not bind the other members of the class, *Manguno v. Prudential Property & Casualty Ins. Co.,* 276 F.3d 720, 724 (5th Cir.2002), the likelihood that any purchaser of either drug had damages in excess of $75,000 was sufficiently remote (*In re Brand Name Prescription Drugs Antitrust Litigation,* 123 F.3d 599, 607 (7th Cir.1997); see also *Garbie v. DaimlerChrysler Corp.,* 211 F.3d 407, 410 (7th Cir.2000)) to cast on Pfizer the burden of presenting some evidence or argument to establish the plausibility of an inference that at least one member of the class could cross the $75,000 threshold, *American Bankers Life Assurance Co. v. Evans,* 319 F.3d 907, 909 (7th Cir.2003), which would establish jurisdiction over the entire class. *Exxon Mobil Corp. v. Allapattah Services, Inc.,* --- U.S. ---, 125 S.Ct. 2611, --- L.Ed.2d ---- (2005).

*Pfizer*, **2005 WL 1840046, at \*1.**

Here, the allegations as to the named Plaintiffs regarding the amount in controversy are not sufficient to confer subject matter jurisdiction. Plaintiffs' complaint explicitly *disclaims* recovery of damages in excess of $75,000, either for themselves or for the other putative class members. Plaintiffs have evaluated the stakes at *less* than $75,000. In fact, Plaintiffs' complaint states that "the actual damages sought by plaintiffs and each Class member is less than $50,000 per plaintiff, including interest, costs and attorney's fees and plaintiffs and each member of the Class expressly disclaim any individual recovery in excess of that amount, and any claims for personal injury." (Docs. 2 & 39, ¶ 10). However, Defendants have presented evidence that five (5) entities have claims in excess of $500,000 (Doc. 23, Exhibit 5, Affidavit of Craig Brosseau). Plaintiff has offered nothing to counter this evidence; in fact, Plaintiffs did not file a reply. Thus, the Court finds that Defendants have sustained their burden of presenting evidence that it is plausible that at least one member of the class would cross both the $50,000 threshold under the Magnuson-Moss Act and the $75,000 threshold under the diversity statute.

As the jurisdictional amount has been satisfied under the Magnuson-Moss Act, **28 U.S.C. § 2310(d)(3)(B)**, the Court has federal question jurisdiction over Count IV of the First Amended Complaint. Pursuant to **28 U.S.C. 1367(a)**, the Court finds that it has supplemental jurisdiction over the remaining claims in the

First Amended Complaint as these claims arise from the same controversy. In light of the Court's findings, the Court denies as moot Defendants' motion opposing joinder of non-diverse defendant, striking first amended complaint and to reconsider the Court's May 25, 2005 Order allowing Plaintiffs to file an amended complaint (Doc. 45)

### III. Conclusion

Accordingly, the Court **DENIES** Plaintiffs' motion to remand (Doc. 11). Further, the Court **DENIES as moot** Defendants' motion opposing joinder of non-diverse defendant, striking first amended complaint and to reconsider the Court's May 25, 2005 Order allowing Plaintiffs to file an amended complaint (Doc. 45).

**IT IS SO ORDERED.**

Signed this 25th day of August, 2005.

/s/   David RHerndon
**United States District Judge**