IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL MILLER and
W.C. COLE, on behalf of themselves
and all others similarly situated,

Plaintiffs,

v.

HYPOGUARD USA, INC.,
MEDISYS USA, INC., LIBERTY
MEDICAL SUPPLY, INC., and FOX
MED-EQUIP SERVICES, INC.,

Defendants.                                              No. 05-CV-0186-DRH

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

**I. Introduction**

Pending before the Court is Plaintiffs' October 7, 2005 motion to reconsider this Court's Order denying Plaintiffs' motion to remand, or in the alternative, motion for an Order of certification for appeal pursuant to 28 U.S.C. § 1292(b) (Doc. 68). Specifically, Plaintiffs claim that the Court erred when relied on dicta language in **Pfizer v. Lott, 417 F.3d 725 (7th Cir. 2005)** and denied their motion to remand when it considered the claims of unnamed class members in determining the amount in controversy.[1]  Defendants oppose the motion to

---

[1]The Court relied on the following language in **Pfizer**:
There was no federal claim, and so the only possible basis of federal jurisdiction was diversity of

reconsider (Doc. 70). Based on the following, the Court denies Plaintiffs' motion to reconsider this Court's Order denying motion to remand, or in the alternative, motion for an Order of certification for appeal pursuant to 28 U.S.C. § 1292(b).

## II.  Analysis

Strictly speaking, a motion to reconsider does not exist under the Federal Rules of Civil Procedure. **Hope v. United States, 43 F.3d 1140, 1142 (7th Cir. 1995)**.  Despite this fact, such motions are routinely presented, and this Court will consider them if timely-filed.  If filed within ten days of the entry of a judgment or order in the case, the motions are construed as motions to alter or amend under **Federal Rule of Civil Procedure 59(e)**. **See Britton v. Swift Transportation Co., Inc., 127 F.3d 616, 618 (7th Cir. 1997)("the key factor in determining whether a 'substantive' motion is cognizable under Rule 59 or 60 is its timing"); Mendenhall v. Goldsmith, 59 F.3d 685, 689 (7th Cir.), cert. denied, 516 U.S. 1011 (1995)("any post-judgment substantive motion that is made within ten**

---

citizenship. The named plaintiffs stipulated that they would not seek or even accept damages in excess of $75,000, and while the stipulation would not bind the other members of the class, *Manguno v. Prudential Property & Casualty Ins. Co.,* 276 F.3d 720, 724 (5th Cir.2002), the likelihood that any purchaser of either drug had damages in excess of $75,000 was sufficiently remote (*In re Brand Name Prescription Drugs Antitrust Litigation,* 123 F.3d 599, 607 (7th Cir.1997); see also *Garbie v. DaimlerChrysler Corp.,* 211 F.3d 407, 410 (7th Cir.2000)) to cast on Pfizer the burden of presenting some evidence or argument to establish the plausibility of an inference that at least one member of the class could cross the $75,000 threshold, *American Bankers Life Assurance Co. v. Evans,* 319 F.3d 907, 909 (7th Cir.2003), which would establish jurisdiction over the entire class. *Exxon Mobil Corp. v. Allapattah Services, Inc.,* --- U.S. ---, 125 S.Ct. 2611, --- L.Ed.2d ---- (2005).

**Pfizer, 417 F.3d at 725-26**.

**days of the entry of judgment is deemed a Rule 59(e) motion.").** Plaintiffs' motion to reconsider was not filed within ten days of the entry of the Order denying the motion to remand.[2] Thus, the Court considers Plaintiffs' motion as a motion made pursuant to **Federal Rule of Civil Procedure 60**. *See United States v. 47 West 644 Route 38*, **190 F.3d 781, 783 n.1 (7th Cir. 1999), cert. denied, 120 S.Ct. 1270 (2000)  (any motion that attacks the merits of a district court's decision and is filed more than ten days after the entry of judgment is considered a motion under Federal Rule of Civil Procedure 60).**

Rule 60(a), limited to correcting clerical mistakes, is inapplicable here, Rule 60(b) authorizes a district court to relieve a party from final judgment or order for six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ...; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged ...; or (6) any other reason justifying relief from the operation of the judgment.

The first five grounds for Rule 60(b) relief do not apply, as Plaintiffs do not claim (and the record does not reveal) any mistake, excusable neglect, newly discovered evidence, fraud, fundamental defect voiding the judgment, or satisfaction of the judgment.  Nor have Plaintiffs demonstrated any "other reason justifying relief" from the judgment.

---

[2]The Court entered its Order denying the motion to remand on August 25, 2005 (Doc. 66). Plaintiffs filed their motion to reconsider on October 7, 2005.

The Seventh Circuit emphasized that Rule 60(b) relief is reserved for exceptional circumstances. ***Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994)**. The rule does not permit a party to correct simple legal errors. "Rather, it exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" ***Cash v. Illinois Div. of Mental Health*, 209 F.3d 695, 697 (7th Cir. 2000)(quoting *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995))**.

Plaintiffs have presented no special circumstances justifying the extraordinary remedy. Plaintiffs' motion merely takes umbrage with the Court's ruling, rehashes old arguments and makes new arguments that should have been raised previously. The Court remains convinced of the correctness of its position. Thus, the Court rejects Plaintiffs' Rule 60(b) relief. Further, the Court is not persuaded that an appeal of this issue will materially advance the ultimate termination of this litigation.

### III. Conclusion

Accordingly, the Court **DENIES** Plaintiffs' motion to reconsider this Court's Order denying Plaintiffs' motion to remand, or in the alternative, motion for an order of certification for appeal pursuant to 28 U.S.C. § 1292 (Doc. 68)

**IT IS SO ORDERED.**

Signed this 2nd day of November, 2005.

/s/         David RHerndon
**United States District Judge**