**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**MICHAEL MILLER and
W.C. COLE, on behalf of themselves
and all others similarly situated,**

**Plaintiffs,**

**v.**

**HYPOGUARD USA, INC.,
MEDISYS USA, INC., LIBERTY
MEDICAL SUPPLY, INC., and FOX
MED-EQUIP SERVICES, INC.,**

**Defendants.**                                              **No. 05-CV-0186-DRH**


**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

**I.  Introduction and Background**

On December 20, 2005, the Court ordered the parties to brief the issue of jurisdiction as the Court dismissed the only federal claim contained in the Amended Complaint (Docs. 80 & 81).  The parties have briefed the issue (Docs. 88, 93 & 109).  Based on the applicable law, the pleadings and the following, the Court finds that it lacks subject matter jurisdiction over Plaintiffs' state law claims contained in the Second Amended Complaint, declines to retain supplemental jurisdiction over these claims and pursuant to **28 U.S.C. § 1367(c)(3)** remands Plaintiffs' Second Amended Complaint to the Madison County, Illinois Circuit Court.

On January 31, 2005, Plaintiffs Michael Miller and W.C. Cole filed a seven-count Class Action Complaint for damages in the Circuit Court of Madison County, Illinois against Hypoguard USA, Inc. ("Hypoguard"), Medisys USA, Inc. ("Medisys"), Liberty Medical Supply, Inc. ("Liberty"), Fox Medical Equipment of Arizona, Inc. ("Fox Medical") and Francis M. Martin, d/b/a Fox Medical ("Martin") seeking actual and compensatory damages arising out of the manufacturing, marketing and sale of the Hypoguard "Advance Blood Glucose Monitor, and the "Assure" I, II or III or Quick Tek blood glucose monitors.  Plaintiffs assert mostly state law causes of action against Defendants: Count I - breach of implied warranty; Count II - breach of express warranty; Count III - breach of covenant of good faith and fair dealing; Count IV - unjust enrichment; Count V - breach of implied warranty under the Magnuson-Moss Act[1]; Count VI - Illinois Consumer Fraud and Deceptive Practices Act Claim/Minnesota Deceptive Trade Practices Act; and Count VI - common law fraud (Doc. 2).  Plaintiffs contend that the blood glucose monitors and/or strips were defectively designed and/or manufactured resulting in inaccurately high or low readings.   Plaintiffs also allege that Defendants made material misrepresentations and concealed material facts in connection with the marketing, sale and warranty of the Hypoguard blood glucose monitors.  In particular, Plaintiffs

---

[1]This is a federal claim which has a minimum jurisdictional amount of $50,000.  **See 15 U.S.C. § 2310(d)(3)(B)**; **see also Gardynski-Leschuck v. Ford Motor Co.**, 142 F.3d 955 (7th Cir. 1998).

seek compensation for "the financial and other costs incurred by them as a result of the blood glucose monitors."  (Doc. 2, ¶ 10).  On March 14, 2005, Defendants Hypoguard and Medisys removed the case to this Court pursuant to diversity jurisdiction, **28 U.S.C. § § 1332, 1441, and 1446** (Doc. 1).[2]

On April 13, 2005, Plaintiffs filed a motion to remand (Doc. 11).  The next day, Defendants Martin and Fox Medical filed motions to dismiss (Docs. 13 & 15).  On April 18, 2005, Defendants Hypoguard and Medisys filed a joint motion to dismiss (Doc. 17).  Thereafter, Hypoguard and Medisys responded to the motion to remand (Doc. 23).

On May 27, 2005, Plaintiffs filed a First Amended Complaint (Doc. 39). The First Amended Complaint added a new Defendant Fox Med-Equip Services, Inc. ("Fox Med-Equip") and deleted Fox Medical and Martin as Defendants. The First Amended Complaint, as their original complaint, alleges mainly state law causes of action: Count I - breach of implied warranty; Count 2 - breach of express warranty; Count III - breach of contract; Count IV - breach of implied warranty under the Magnuson-Moss Act; Count V - Illinois Consumer Fraud and Deceptive Practices Act/Minnesota Deceptive Trade Practices Act; Count VI - common law fraud.  On May 27, 2005, the Court entered an order denying as moot the pending motions to dismiss (Doc. 40).

---

[2]At this point in the litigation, the Class Action Fairness Act ("CAFA") does not apply to this case because Plaintiffs filed their suit on January 31, 2005, before the effective date of CAFA. **See *Knudsen v. Liberty Mutual Insurance Co.*, 411 F.3d 805 (7th Cir. 2005)**.

After Plaintiffs filed their First Amended Complaint, Defendants Hypoguard and Medisys filed a motion opposing joinder of a non-diverse defendant, to strike plaintiffs' first amended complaint and to reconsider the Court's May 25, 2005 Order (Doc. 45). On May 31, 2005, Liberty Mutual filed its consent to removal (Doc. 46). Shortly thereafter, Liberty Mutual joined in the other Defendants' responses to the remand motion and the motion opposing joinder (Docs. 47 & 48). Plaintiffs filed their opposition to the motion opposing joinder on June 14, 2005 (Doc. 50) and Defendants filed their reply to the same on June 24, 2005 (Doc. 54). On June 16, 2005, Hypoguard moved to dismiss the First Amended Complaint (Doc. 51) to which Liberty Mutual joined on July 8, 2005 (Doc. 59). Plaintiffs filed their opposition (Doc. 61) and Defendants filed their replies (Docs. 62 & 63).

On August 25, 2005, the Court denied Plaintiffs' motion to remand finding that removal was proper and that the Court had jurisdiction over Count IV of the First Amended Complaint, the Magnuson-Moss Act, **15 U.S.C. § § 2301-12** (Doc. 66). On November 2, 2005, the Court denied Plaintiffs' motion to reconsider this Court's Order denying Plaintiffs' motion to remand, or in the alternative, motion for an order of certification for appeal pursuant to 28 U.S.C. § 1292 (Doc. 72). Thereafter, the Court granted in part and denied in part Defendants' motion to dismiss on December 20, 2005 (Doc. 80). Specifically, the Court dismissed with prejudice Counts I, II and IV of the Amended Complaint, dismissed without prejudice Counts V and VII of the Amended Complaint and Defendant Medisys and allowed Plaintiffs up to including January 16, 2006 to file an amended complaint. That same

Page 4 of  19

day, the Court entered another order directing the parties to address subject matter jurisdiction over Plaintiffs' remaining state law claims in light of the Court's decision to dismiss with prejudice the Federal question claim, Count IV, the Magnusom-Moss Act claim (Doc. 81).  The parties briefed the issue (Docs. 88, 93 & 109).  In the meantime, Plaintiffs filed their Second Amended Complaint containing only state law claims, Count I- breach of contract, Count II- Illinois Consumer Fraud and Deceptive Practices Act Claim/Minnesota Deceptive Trade Practices Act and Count III- Common Law Fraud (Doc. 90).

## II.  Analysis

First, Defendants argue that the Court has jurisdiction over Plaintiffs' claims as there is diversity jurisdiction as Defendant Fox Med-Equip has been fraudulently joined, that Plaintiffs do not intend to proceed against Fox Med-Equip as it has not been served and that CAFA applies in this matter.  Further, Defendants, maintain that the Court should continue to exercise supplemental jurisdiction even though the federal question claims are no longer present in the case.  Plaintiffs argue that the Court lacks subject matter jurisdiction, that Plaintiffs' counsel has been in contact with Fox Med-Equip's counsel, has propounded discovery and is in the process of obtaining an alias summons to effect service and that the Court should decline supplemental jurisdiction over their state law claims.[3]  The Court first

---

[3]Currently pending before the Court are a motion for issuance of summons for service on Fox Med-Equip (Doc. 108) and a motion for order to direct the clerk not to issue or alternatively quash any summons issued to Fox Med-Equip (Doc. 113).

addresses Defendants' arguments regarding diversity jurisdiction and CAFA.

Under **28 U.S.C. § 1441**, removal is proper over any action that could have been filed originally in federal court.  However, if the district court lacks subject matter jurisdiction, the matter must be remanded to state court pursuant to **28 U.S.C. § 1447(c)**, Courts presume a plaintiff's choice of forum is proper and valid and resolve all doubts regarding jurisdiction in favor of remand.  *See Doe v. Allied-Signal, Inc.*, **985 F.2d 908, 911 (7th Cir. 1993)**.  The diversity statute requires complete diversity between the parties plus an amount in controversy which exceeds $75,000, exclusive of interest and cost.  Complete diversity of citizenship means that "none of the parties on either side of the litigation may be a citizen of a state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.*, **106 F.3d 215, 217 (7th Cir. 1997)(citations omitted)**.  Here, as stated in the Court's previous Orders the Court finds that the $75,000.00  amount in controversy is met (See Docs. 66 & 72).[4]  The problem is that both the Plaintiffs and Fox Med-Equip are citizens of Illinois.[5]  Therefore, unless Fox Med-Equip's citizenship is disregarded, there is no subject matter jurisdiction over the Plaintiffs' claims.

The question of whether the Court has jurisdiction over the Plaintiffs' claims turns on whether Fox Med-Equip was fraudulently joined as a defendant.  In

---

[4]In their brief, Plaintiffs re-raise the issue regarding the amount in controversy.  As fully explained in the Court's August 25, 2005 Order (Doc. 66) and its November 11, 2005 Order (Doc. 72), the Court remains convinced of the correctness of its decision and will not reconsider again Plaintiffs' argument on this issue.

[5]Hypoguard is a citizen of Delaware and Minnesota; Medisys is a citizen of Delaware and Minnesota; and Liberty is a citizen of Florida.

evaluating diversity of citizenship, a court must disregard a defendant that has been fraudulently joined. *See Schwartz v. State Farm Mut. Auto. Ins. Co.*, **174 F.3d 875, 878 (7th Cir. 1999)**. In the context of fraudulent joinder, "fraudulent" is a term of art. *See Poulos v. Naas Foods, Inc.*, **959 F.2d 69, 73 (7th Cir. 1992)**. "Although false allegations of jurisdictional fact may make joinder fraudulent, . . . in most cases fraudulent joinder involves a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives. *Id.* **(collecting cases)**. It is true that, as a general rule, the right of removal cannot be defeated "by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, **257 U.S. 92, 97 (1921)**. To prove fraudulent joinder the defendant must "show there exists no 'reasonable possibility that a state court would rule against the [in-state] defendant,'" *Schwartz* **174 F.3d at 878 (7th Cir. 1999)(citing *Poulos*, 959 F.2d at 73)**, or "if a state court has come to judgment, there [is not] any reasonable possibility that the judgment will be reversed on appeal." *Poulos*, **959 F.2d at 73**. The defendant bears of heavy burden in this regard. *Id.* Thus, even if a state court might ultimately find that Plaintiffs failed to state a claim against Fox Med-Equip, joinder of Fox Med-Equip was not "'fraudulent' for purposes of this court's jurisdiction so long as the issue of state law is subject to reasonable argument on both sides." **See *Batoff v. State Farm Insurance Co.*, 977 F.2d 848, 853 (3rd Cir.1992) (if "intricate analysis of state law" is needed to dismiss claim, the claim may not be**

**disregarded for purposes of diversity jurisdiction)**.

As to the fraudulent joinder of Fox Med-Equip, the Court finds that Defendants have not sustained this heavy burden. Based on the allegations in the Amended Complaint and the Second Amended Complaint, Plaintiffs have alleged causes of action against Fox Med-Equip for breach of contract, Illinois Consumer Fraud and common law fraud. The record before the Court establishes that there exists a reasonably probability that a state court would rule against Fox Med-Equip. The Court does not find that Fox Med-Equip was added as a defendant to destroy diversity. Accordingly, there is no fraudulent joinder.

Next, Defendants contend that since Plaintiffs added Fox Med-Equip as a new Defendant in the Amended Complaint on May 27, 2005, CAFA applies. CAFA was enacted by Congress on February 18, 2005, and applies to cases commencing thereafter. **Class Action Fairness Act of 2005, Pub. L. No. 109-2, § 9, 119 Stat. 14 (amending 28 U.S.C. § 1332(d)(2))**. It alters the traditional requirements for federal diversity jurisdiction in class actions. However, CAFA is not retroactive and therefore only applies to class actions which "are commenced on or after the date of the enactment ..." of February 18, 10025. **Id.** For applicable cases, CAFA gives district courts original jurisdiction over a civil "class action..." with an amount in controversy in excess of $5,000,000. **28 U.S.C. § 1332(d)**. Therefore, class actions fitting within the scope of CAFA are removable in accordance with **28 U.S.C. § 1446**. **See 28 U.S.C. § 1453(b)**.

A case "commences" for purposes of the CAFA when the plaintiff's complaint is filed in state court, not when it is removed. ***Knudsen v. Liberty Mut. Ins. Co.*, 411 F.3d at 806.** ("***Knudsen I***"). Routine amendments to the complaint relate back to the date of original filing and do not commence new suits. ***Schorsch v. Hewlett Packard Co.*, 417 F.3d 749, 751 (7th Cir. 2005)** (noting that under Illinois law, which applies here, an amendment to a complaint relates back when the original complaint "'furnished to the defendant all the information necessary . . . to prepare a defense to the claim subsequently asserted in the amended complaint'" **(citing *Boatmen's National Bank of Belleville v. Direct Lines, Inc.*, 656 N.E.2d 1101, 1107 (Ill. 1995)**); ***see also Phillips v. Ford Motor Co.*, 435 F.3d 785 (7th Cir. 2006); *Schillinger v. Union Pacific R.R.*, 425 F.3d 330 (7th Cir. 2005)**.

Here, Defendants contend that under CAFA, the amendment of Fox Med-Equip as new party on May 27, 2005, the action "commenced" against Fox Med-Equip on May 27, 2005 and CAFA applies. Plaintiffs argue that CAFA does not apply because the amendment of Fox MEd-Equip relates to back to the original complaint. Based on the following, the Court finds that the amendment of Fox Med-Equip was not a new party under CAFA and that it does relate back to the original complaint.

As Plaintiffs' class action complaint in this case was filed before CAFA's enactment date of February 18, 2005, it is considered "pre-CAFA" and therefore, not within the ambit of CAFA's grant of original jurisdiction. Yet, as stated earlier, Plaintiffs' amended their complaint to add Fox Med-Equip as Defendant on May 27,

2005, *after* the enactment date.  Therefore, the specific issue is whether the amendment of the complaint to add Fox Med-Equip relates back to the original complaint or is considered "commencing" a new action in order to trigger the applicability of CAFA.  If amendment of Fox Med-Equip relates back to the original complaint then CAFA does not provide the Court with original jurisdiction.  Recently, the Seventh Circuit has issued two germane opinions: ***Knudsen v. Liberty Mutual Ins. Co.*, 435 F.3d 755 (7th Cir. 2006) ("*Knudsen II*")** and ***Phillips v. Ford Motor Co.*, 435 F.3d 785 (7th Cir. 2006)**.

     ***Knudsen II*** was actually the second time the Seventh Circuit had reviewed the case on appeal – the previous year the appellate court had found that the initial removal of the suit "was unavailing, because the suit had been 'commenced' in state court before February 18, 2005, the new Act's effective date." ***Knudsen II*, 435 F.3d at 755 (citing *Knudsen I*)**.  In ***Knudsen I***, the plaintiffs alleged in their class action complaint "that Liberty Mutual pays unjustifiably little on claims for medical services under workers' compensation and casualty (accident) policies."  ***Id.* at 755-56**.  However, the plaintiffs subsequently amended their complaint, requesting an expansion of the class to make Liberty Mutual "responsible for *all* policies issued by *any* subsidiary or affiliate, about 35 firms in all . . . so that Liberty Mutual would be compelled to pay without proof that an affiliate had failed to honor any policy."  ***Id.* at 756**.  The state court certified the class on September 29, 2005, and Liberty Mutual (still the only named defendant) again removed the suit

pursuant to CAFA.  ***Id.* at 757**.  Although the district court granted a remand, on appeal this second time, the Seventh Circuit found otherwise.  ***Id.***

      The district court incorrectly found that because Liberty Mutual remained the only defendant, the "commencement" date was still the time of filing the original complaint, which was pre-CAFA.  ***Id.***  Yet, the Seventh Circuit found that even though Liberty Mutual was still the only named defendant in the suit, because the class definition had changed from the plaintiffs' original complaint, it was now faced with new claims for relief.  ***Id.***  In other words, even though the substantive nature of the plaintiffs' claims still involved improper medical billing, the scope of Liberty Mutual's liability was now considerably broadened – as it was also now liable for its affiliates and subsidiaries.  ***Id.* at 757-58**.  The plaintiffs' original complaint did not appear to provide requisite notice of Liberty Mutual's potential liability for its affiliates and subsidiaries in order for relation-back principles to apply.  Therefore, even though the defendant remained the same exclusive party after the amendment, due to the expansion of the class definition, the Seventh Circuit found that the amended complaint contained new claims, amounting to "commencement" of a new action, which triggered CAFA and made removal appropriate.  ***Id.* at 758**.

      Three days after issuing their opinion in ***Knudsen II***, the Seventh Circuit's opinion in ***Phillips*** was released.  In ***Phillips***, the issue examined on appeal was "whether amending a complaint to add or substitute named plaintiffs (class representatives) 'commences' a new suit," when the suit was originally filed pre-

CAFA, but the amendment was post-CAFA. *Id.* at 786. It was noted that "[n]o appellate court has yet decided whether adding named plaintiffs to a class action suit 'commences' a new suit for purposes of removal under CAFA." *Id.*

The opinion actually reviewed two class actions consolidated on appeal from orders remanding each back to state court. *Id.* The first class action on appeal – the *Phillips* class action – stated claims about the paint jobs on cars manufactured by defendant Ford Motor Company. *Id.* The plaintiffs first alleged a class consisting of purchasers of 1988 through 1997 Ford models, but then amended their class action complaint to limit the class members to purchasers of 1989 through 1995 model years. *Id.* However, because the district judge certified a class which also included 1996 model year purchasers, the plaintiffs amended their class action complaint a second time to include these 1996 purchaser class members. *Id.* This second amendment was made after CAFA's enactment date.

Similarly, the second case reviewed in this opinion was the *Boxdorfer* class action, in which the plaintiffs brought claims against defendant DaimlerChrysler Corporation, pre-CAFA. *Id.* The plaintiffs proceeded to amend their class action complaint, post-CAFA, to add named plaintiffs/class representatives. However, these new named plaintiffs were members of the original class, added because there was a possibility that the original named plaintiffs' claims were time-barred. *Id.*

The Seventh Circuit reasoned that a "routine" amendment of a class

action complaint would not equate to "commencing" a new action for the purposes of triggering CAFA removal.  *Id.* **(citing** *Schorsch,* **417 F.3d at 749)**.  As such, it was necessary for the Seventh Circuit to determine whether adding a plaintiff(s) to a class action suit could be considered "routine."  *Id.*  Examining this inquiry, the Seventh Circuit observed the customary class action procedure of substituting "unnamed class members for named plaintiffs who fall out of the case because of settlement or other reason" was considered a "routine" practice in both federal and Illinois state courts.  *Id.* **at 787 (citations omitted).**

Fine-tuning their analysis, the Seventh Circuit then reasoned that because the real issue was "whether adding named plaintiffs commences a new suit *in state court*, the answer should depend on state procedural law."  *Id.* **(emphasis in original)**.  Under Illinois law, an amendment which "relates back" to the original complaint will not "commence" a new suit for CAFA purposes.  *Id.* **at 787-88**.  In fact, under both Illinois and federal law, an amendment relates back when it arises out of 'the same transaction or occurrence set up in the original pleading.' "  *Id.* **at 788 (citations omitted)**.  Therefore, because the Seventh Circuit found that the claims of the new plaintiffs in both class actions on appeal "related back" to the claims in the original complaint, the plaintiffs' amendments were merely "routine," and did not commence a new action.  *Id.*  As the district court had remanded these cases using like analysis, the Seventh Circuit affirmed the decisions to remand, finding CAFA was not triggered by the amendment of the *Phillips* or *Boxdorfer* class

action complaints.  *Id.*

In sum, the guidance as laid out by the Seventh Circuit in these cases shows that when a pre-CAFA class action is amended post-CAFA to add new parties, a court mus focus on the substance of the suit.  If the amendment does not sufficiently arise from the same transaction or occurrence so as to relate back to the original class action complaint, presumably new claims have been plead – regardless of whether new named plaintiffs or defendants have been added to the case.  If the defendants' scope of liability has broadened since the amendment of the class action complaint, it is certainly likely new claims have been plead – again, regardless of whether new named plaintiffs or defendants have been added as parties to the case. In the case at bar, the Court finds that pursuant to **Federal Rule 15(c)(3)**, Plaintiffs' amendment of Fox Med-Equip relates back to the original complaint.  **Federal Rule of Civil Procedure 15(c)(3)** states that "An amendment of a pleading relates back to the date of the original pleading when:

> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."

A misnomer situation is "one in which the proper defendant is already before the court and the effect [of the amendment] is merely to correct the name under which

he is sued." ***Eison v. McCoy*, 146 F.3d 468, 471-72 (7th Cir. 1998)**. "Rule 15(c)(3) permits an amendment to relate back to the original complaint only 'where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." ***Id.* (quoting *Baskin v. City of Des Plaines*, 138 F.3d 701, 704-05 (7th Cir. 1998)(citations omitted)**. Furthermore, **Rule 15(c)(3)** does not provide for relation back when the reason the original complaint is insufficient is a simple lack of knowledge of the identity of the proper party. ***Id.***

Here, the allegations against Fox Med-Equip arise out of the same conduct as set forth in the original complaint against Fox Medical and Martin. Further, Martin is the owner of Fox Med-Equip and was individually sued for doing business as Fox Medical in the original complaint. Fox Med-Equip had notice of this action within the required time period for service. Plaintiffs contend that once they discovered the correct name of the corporate defendant they filed an amended complaint. Moreover, all three entities have the same attorney. Pursuant to **Rule 15(c)(3)**, the Court finds that the amendment of Fox Med-Equip changed the name of the correct party, that the allegations are the same and that Fox Med-Equip had notice of the suit and knew that but for the mistake concerning its identity, the suit would have been originally filed against it. Thus, the amendment relates back to the original complaint. Because the Court finds that the amendment of Fox Med-Equip relates back to the original complaint, the Court finds that CAFA does not supply the

Court with jurisdiction over Plaintiffs' claims.

As to supplemental jurisdiction, Defendants urge the Court to retain jurisdiction while Plaintiffs move to the Court to decline jurisdiction.  A federal court's authority to exercise supplemental jurisdiction is governed by **28 U.S.C. § 1367(a)** which states:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**28 U.S.C. § 1367(a)**.

Section 1367 provides exceptions, though, to supplemental jurisdiction, and a district court may decline to exercise supplemental jurisdiction, subject to section 1367(c).  Specifically, section **1367(c)** reads:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if– (1) the claim raises a novel or complex issue of State law,  (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

**28 U.S.C. § 1367(c)**.  "  District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state law claim once all federal claims are dismissed.  The Commentary to **§ 1367(c)(3)** explains:

> the idea here is that once the crutch is removed – the claim that supports the supplemental jurisdiction of the other

claim or claims – the other should not remain for adjudication . . . [J]udicial discretion here is a particularly important element.  Here the 'may' in 'may decline' has a major role to play.

**28 U.S.C. § 1367 Practice Commentary**.

In reaching this decision, the Court shall bear in mind the considerations of judicial economy, convenience and fairness to the litigants embraced in ***United Mine Workers v. Gibbs*, 383 U.S. 715 (1966)**.  However, "federal jurisdiction is not defeated by dropping federal claims after the case has been properly removed to federal court, ***United Farm Bureau Mutual Ins. Co. v. Metropolitan Human Relations Comm'n*, 24 F.3d 1008, 1014 (7th Cir. 1994)**, although if all of the federal claims drop out before trial, even as a consequence of the plaintiff's own voluntary dismissal, the district judge normally will relinquish jurisdiction over the state-law claims." ***Sullivan v. Conway*, 157 F.3d 1092, 1095 (7th Cir. 1998) (citations omitted)**.  "A district court should have a good reason for retaining jurisdiction . . . ." ***Wright v. Associated Insurance Companies, Inc.*, 29 F.3d 1244, 1252 (7th Cir. 1994)**.

Here, the Court finds that the balance of judicial economy, convenience, fairness and comity do not warrant retention of the state law claims.  The Second Amended Complaint was filed on January 19, 2006.  While the parties have moved for summary judgment and for class certification, those motions have not been ruled upon by the Court and they contain purely state law claims which are more appropriate for the state court to decide.  The Court does not find that there has

been substantial judicial investment in this case and substantial judicial resources have not been committed to this case. ***See, Graf v. Elgin, Joliet & E. Ry. Co.*, 790 F.2d 1341, 1347-48 (7th Cir. 1986)("Trial is simply a convenient benchmark marking the point by which substantial resources have surely been committed. If those resources are expended without a trial, the essential purpose of the doctrine of pendent jurisdiction may be served by retaining the case.")**. At this point, the burden of the state law claims would be the same for a federal court as for a state court.

Next, the Court finds that the litigating the case in the Madison County, Illinois Circuit Court rather than in the Southern District of Illinois is nearly as convenient. The East St. Louis courthouse of the district is located in St. Clair County which borders Madison County. Moreover, the two courthouses are about a half hour car ride from one another. Consequently, the convenience to the parties is almost the same. Further, the Court does not find that ligating this case in Madison County would be unfair to Defendants. All of the discovery that has occurred and the motions filed since the case has been removed would apply to the remaining state law claims. In addition, the remaining claims are matters of exclusive state remedies; this in itself weighs heavily in favor of allowing a state court to decide these issues. Moreover, Illinois state courts previously have analyzed the consumer protection laws of other states, where the class was nationwide. ***See, Avery v. State Farm Mutual Automobile Insurance Co.*, 746 N.E.2d 1242 (Ill.**

**App. 2001**).  After balancing the various factors, the Court finds that remand is proper.

### III.  <u>Conclusion</u>

Because the Court lacks subject matter jurisdiction and declines supplemental jurisdiction over Plaintiffs' state law claims, the Court pursuant to **29 U.S.C. § 1367(c)(3)**, *sua sponte* **REMANDS** Plaintiffs' Second Amended Complaint to the Madison County, Illinois Circuit Court.  The Court **DENIES as moot** the pending motions.

**IT IS SO ORDERED.**

Signed this 4th day of May, 2006.

<u>/s/          David  RHerndon</u>
**United States District Judge**